**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHRISTOPHER HASSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Action No. 19-cr-00096-LKG |
| v. ) | |
| ) | Dated: August 8, 2024 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Petitioner, Christopher Hasson, has moved to vacate his sentence, pursuant to 28 U.S.C. § 2255.  ECF No. 150.  The motion is fully briefed.  *See* ECF Nos. 150, 153, 154, 157.  No hearing is necessary to resolve this motion.  *See* L.R. 105.6 (D. Md. 2021).  For the reasons set forth below, the Court: (1) **DENIES** Mr. Hasson's motion to vacate and (2) **GRANTS** Mr. Hasson's request for a certificate waiver of appealability.

**II.   BACKGROUND**

  **A.  Factual Background**

Petitioner, Christopher Hasson, is 55-year-old inmate, currently serving a 160-month sentence of incarceration for: (1) possession of an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d); (2) possession of a firearm silencer that was not identified by serial number, in violation of 26 U.S.C. § 5861(i); (3) possession of firearms while "being an unlawful user and addict of a controlled substance," in violation of 18 U.S.C. § 922(g)(3); and (4) possession of a Schedule IV controlled substance (tramadol), in violation of 21 U.S.C. § 844(a). ECF No. 98 at 3; ECF No. 125 at 1-3.  Mr. Hasson has moved to vacate his sentence, pursuant to 28 U.S.C. § 2255, upon the grounds that his conviction under 18 U.S.C. § 922(g)(3) violates the Second Amendment to the United Staes Constitution.  *See generally* ECF No. 150.

As background, on February 27, 2019, a federal grand jury sitting in the District of Maryland returned an Indictment, charging Mr. Hasson with: (1) possessing an unregistered

1

firearm silencer, in violation of 26 U.S.C. § 5861(d) (Count One); (2) possessing a firearm silencer that was not identified by serial number, in violation of 26 U.S.C. § 5861(i) (Count Two); (3) possessing firearms while "being an unlawful user and addict of a controlled substance," in violation of 18 U.S.C. § 922(g)(3) (Count Three); and (4) possessing a Schedule IV controlled substance (tramadol), in violation of 21 U.S.C. § 844(a) (Count Four).  ECF No. 16.

On June 24, 2019, Mr. Hasson filed motions to dismiss Counts One and Two of the Indictment on Second Amendment grounds and Count Three of the Indictment on constitutional vagueness grounds.  ECF Nos. 62, 63.  On August 14, 2019, the Government obtained a Superseding Indictment that contains minor changes to Count Three, charging Mr. Hasson with possession of a firearm while "knowing he was an unlawful user of and addicted to a controlled substance."  ECF No. 71 at 3; *see also* ECF No. 72.  On September 20, 2019, the Court denied Mr. Hasson's motions to dismiss.  ECF Nos. 85, 86.

On October 3, 2019, Mr. Hasson pled guilty to all four Counts charged against him, pursuant to a Plea Agreement entered into with the Government.  ECF Nos. 93, 94.  Relevant to the pending motion, Paragraph 9 of the Plea Agreement contains the following language regarding Mr. Hasson's waiver of his appeal rights:

> As provided by Fed. R. Crim. P. 11(a)(2), the Defendant reserves the right to appeal the Court's order denying the Defendant's Motion to Dismiss Counts One and Two of the Indictment on Second Amendment Grounds . . . and Motion to Dismiss Count Three of the Indictment on Void-for-Vagueness Grounds . . . .
>
> In all other respects, the Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the Defendant is pleading guilty are unconstitutional . . . to the extent that such challenges legally can be waived.

ECF 94 at 7.

On February 6, 2020, the Court sentenced Mr. Hasson to 160 months' imprisonment—a 40-month sentence of incarceration as to Count One, a 40-month sentence of incarceration as to Count Two and a 12-month sentence of incarceration as to Count Four, to run concurrently; and a 120-month sentence of incarceration as to Count Three, to run consecutive to the term of

2

incarceration for Counts One, Two and Four.  ECF No. 125 at 3.  On appeal, the United States Court of Appeals for the Fourth Circuit affirmed Mr. Hasson's convictions and sentence.  ECF Nos. 127, 145; *see also United States v. Hasson*, 26 F.4th 610, 612 (4th Cir. 2022).[1]

### B. Procedural Background

On September 27, 2023, Mr. Hasson moved to vacate his sentence, pursuant to 28 U.S.C. § 2255.  ECF No. 150.  On December 11, 2023, the Government filed a response in opposition to Mr. Hasson's motion to vacate.  ECF No. 153.  On February 7, 2024, Mr. Hasson filed a reply brief.  ECF No. 157.

Mr. Hasson's motion to vacate having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARD

### A. Motions To Vacate Sentence

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," if the prisoner can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255(a).  Section 2255 requires that, "unless the motion [for relief] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon[.]"  *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing 28 U.S.C. § 2255(b)).  Given this, the Court has "three possible methods, depending upon the facts, [for] disposition of motions under Section 2255:" summary disposition, disposition on an expanded record and disposition after an evidentiary hearing.  *Id.* at 529-30.  Summary disposition is appropriate where "the files and records conclusively show that the prisoner is entitled to no relief."  *Id.* at 529; *accord United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted) (holding that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court").

---

[1] The Fourth Circuit denied Mr. Hasson's a petition for rehearing *en banc*.  ECF No. 147.  The Supreme Court denied Mr. Hasson's petition for a writ of *certiorari* on October 11, 2022.  *Hasson v. United States*, 143 S. Ct. 310 (2022).

### B. Second Amendment Challenges To 18 U.S.C. § 922(g)(3)

The Second Amendment provides that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. const. amend. II. The Supreme Court has held that Second Amendment protects the "individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

Title 18, United States Code, Section 922 provides in relevant part that:

> (g) it shall be unlawful for any person –
>
>> (3) who is an unlawful user of or addicted to any controlled substance . . .;
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(3). The Supreme Court has established a two-part test for the Court to review Second Amendment challenges to Section 922(g), and other firearms laws, through the dual lenses of text and history. *N.Y. State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1, 24 (2022).

First, the Court considers whether the plain text of Second Amendment covers the defendant's actions. *Id*. If so, the Constitution presumptively protects that conduct. *Id*. Second, the Court considers whether there is historical precedent to justify regulation of the conduct protected by the Second Amendment.[2] *Id*. To do so, "the [G]overnment may not simply posit that the regulation promotes an important interest." *Id*. at 17. Instead, when a firearm regulation is challenged under the Second Amendment, the Government must instead show that the restriction "is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 24.

In *United States v. Rahimi*, the Supreme Court recently held that, when an individual has been found by a court to pose a credible threat to the physical safety of another, the individual may be temporarily disarmed, consistent with the Second Amendment. 144 S. Ct. 1889, 1901-02 (2024). "While these individuals maintain a right to self-reservation, society has concluded that the danger that they will misuse their armament-amplified power is too great to permit

---

[2] A challenged regulation that does not precisely match its historical precursors "still may be analogous enough to pass constitutional muster." *N.Y. State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1, 30 (2022).

possession." *Bianchi v. Brown*, 2024 WL 3666180, at *8 (4th Cir. Aug. 6, 2024) (citing *Rahimi*, 144 S. Ct. at 1896-97; *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting)). The Supreme Court also rejected an as-applied challenge to Section 922(g)(8) on Second Amendment grounds in *Rahimi*, because the defendant in that case had been found by a court to pose a credible threat to the physical safety of others and the Government offered evidence to show that the Second Amendment permits such individuals to be disarmed. 144 S. Ct. at 1902-03. This Court has also held that Section 922(g)(3) is constitutional in the wake of *Bruen*. *See United States v. Costianes*, 673 F. Supp. 3d 756, 763 (D. Md. 2023).

### IV.   ANALYSIS

Mr. Hasson has moved to vacate his sentence, pursuant to 28 U.S.C. § 2255, upon the ground that Section 922(g)(3) violates the Second Amendment. ECF Nos. 150, 157. In the alternative, Mr. Hasson seeks a certificate of appealability, so that he may appeal this issue to the Fourth Circuit. ECF No. 157 at 22.

The Government opposes Mr. Hasson's motion to vacate, upon the grounds that: (1) Mr. Hasson has waived the right to bring this constitutional challenge to his Section 922(g)(3) conviction and sentence on Second Amendment grounds pursuant to the parties' Plea Agreement and (2) Mr. Hasson has procedurally defaulted his Second Amendment argument, because he can neither show cause nor prejudice for his default. ECF No. 153 at 4, 7-8. And so, the Government requests that the Court deny Mr. Hasson's motion to vacate. *Id.* at 20.

For the reasons that follow, a careful reading of the parties' Plea Agreement makes clear that Mr. Hasson has not waived the right to raise his Second Amendment challenge to his Section 922(g)(3) conviction and sentence. But Mr. Hasson has procedurally defaulted his Second Amendment argument, because he can neither show cause for his default, nor prejudice as a result of his default. Lastly, Mr. Hasson has shown that a certificate of appealability is warranted in this case. And so, the Court DENIES Mr. Hasson's motion to vacate and issues a certificate of appealability.

### A.  Mr. Hasson Has Not Waived His Right To Appeal

As an initial matter, the Court is satisfied that Mr. Hasson has not waived the right to raise a Second Amendment challenge to his Section 922(g)(3) conviction and sentence, pursuant to 28 U.S.C. § 2255. ECF No. 157 at 1; ECF No. 153 at 4.

As the Supreme Court has held, "Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 599 U.S. 465, 473 (2023).  Given this, "[t]he 'sole purpose' of this innovation . . . 'was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum.'" *Id.* (quoting *United States v. Hayman*, 342 U.S. 205, 219 (1952)).  Courts have long recognized the distinction between a direct appeal waiver and a waiver of collateral remedies pursuant to Section 2255. *See United States v. Smith*, 113 F. Supp. 2d 879 (E.D. Va. 1999) (finding that a contested plea agreement "waived [the petitioner's] right to appeal [but] did not provide for waiver of collateral remedies under § 2255"); *United States v. Tayman*, 885 F. Supp. 832, 835 (E.D. Va. 1995) (stating that "[i]t is not difficult for the government to write plea agreements that explicitly waive both appeal and § 2255 rights.").

In this case, there is no dispute that Mr. Hasson and the Government entered into a written Plea Agreement, which provides, among other things, that:

> As provided by Fed. R. Crim. P. 11(a)(2), the Defendant reserves the right to appeal the Court's order denying the Defendant's Motion to Dismiss Counts One and Two of the Indictment on Second Amendment Grounds . . . and Motion to Dismiss Count Three of the Indictment on Void-for Vagueness Grounds . . . .
>
> In all other respects, the Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statutes to which the Defendant is pleading guilty are unconstitutional . . . to the extent that such challenges legally can be waived.

ECF 94 at 7.  The Court reads this language to preserve Mr. Hasson's right to directly appeal the Court's memorandum opinion and order denying his motion to dismiss Counts One and Two of the Indictment on Second Amendment Grounds and his motion to dismiss Count Three of the Indictment on void-for-vagueness grounds (ECF Nos. 85, 86); but to otherwise waive his right to directly appeal other aspects of his conviction and sentence.  *Id*.

The waiver of appeal language in the Plea Agreements does not, however, address, or otherwise provide for, a waiver of collateral remedies under 28 U.S.C. § 2255.  *Id*.  And so, the

Court agrees with Mr. Hasson that his right to file a Section 2255 petition to vacate his sentence remains intact. ECF No. 157 at 3.

### B. Mr. Hasson Has Procedurally Defaulted On His Second Amendment Challenge

While Mr. Hasson may collaterally attack his Section 922(g)(3) conviction and sentence pursuant to Section 2255, he has procedurally defaulted on his Second Amendment argument, because he did not previously raise this argument and cannot show prejudice.

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" to excuse his procedural default, or that he is "actually innocent." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-168, (1982); *Bousley v. United States*, 523 U.S. 614, 621-622 (1998)). The Supreme Court has held that "cause" is shown where the defendant tries to raise a claim on collateral review that "is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). These claims represent a "clear break from the past" such that defense attorneys would not have had the tools present to have made the claim previously. *Id.* at 17.

But "[w]here the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as a cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). And so, the bar for establishing "cause" is naturally high in order to "deter intentional defaults" where defendants would sandbag and not raise claims in order to save claims for later rounds of review. *Id.* In addition, the "prejudice" requirement is satisfied only if the defendant can show "that [the claimed error] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id*. at 487 (citations omitted).

#### 1. Mr. Hasson Has Not Shown Cause

While a somewhat close question, given recent developments in the law governing Second Amendment challenges to firearm offenses, the Court is not persuaded that Mr. Hasson has shown cause to justify raising his Second Amendment argument for the first time in his

motion to vacate. As the litigation history for this case makes clear, Mr. Hasson did not raise a Second Amendment challenge to his Section 922(g)(3) conviction and sentence prior to pleading guilty to that offense. *See* ECF Nos. 62, 63. Nor did he raise such an argument directly on appeal. *See* ECF No. 145; *Hasson v. United States*, 143 S. Ct. 310 (2022).

Rather, Mr. Hasson raises his Second Amendment argument for the first time in his motion to vacate. *See generally* ECF No. 150. To justify doing so, Mr. Hasson argues that recent Supreme Court case law has overturned the widespread practice of this Court, and other lower courts, regarding how to analyze Second Amendment challenges to firearms offenses. ECF No. 157 at 5-8. And so, he argues that "a near-unanimous body of lower court authority" foreclosed his Second Amendment argument at the time of his guilty plea and subsequent appeal. *Id.* at 7.

The Court agrees with Mr. Hasson's argument that the Supreme Court's decision in *Bruen* changed the relevant legal landscape for Second Amendment challenges to firearms offenses. But Mr. Hasson does not fully explain why he did not previously raise the argument that the Section 922(g)(3) offense charged in Count Three violated the Second Amendment under the then-existing legal framework, based upon *Heller* and its progeny. ECF No. 150 at 11-17; ECF No. 157 at 5-8; *see also* ECF No. 63 (Mr. Hasson's motion to dismiss Count Three on constitutional vagueness—but no other— grounds). Given this, the Court agrees with the Government that Mr. Hasson had an obligation to raise his Second Amendment challenge to his Section 922(g)(3) conviction and sentence during the prior proceedings before this Court and on direct appeal. *See McNeill v. United States*, 2023 WL 7026922, at *3 (E.D.N.C. Oct. 24, 2023) (concluding that because the defendant's claim that a prong of 18 U.S.C. § 922 violates the Second Amendment was available before the Supreme Court decided *Bruen*, he procedurally defaulted this claim by not raising it prior to his conviction or on appeal).

   **2. Mr. Hasson Has Not Shown Prejudice And His Claim Lacks Merit**

Even if Mr. Hasson could show cause to justify raising his Second Amendment argument for the first time in his motion to vacate, the Court is satisfied that 18 U.S.C. § 922(g)(3) is constitutional as applied in this case. In his motion to vacate, Mr. Hasson argues that Section 922(g)(3) violates the Second Amendment both on its face and as applied to him. ECF No. 150 at 17-35; ECF No. 157 at 8-21. The Court finds Mr. Hasson's facial challenge to Section 922(g)(3) to be foreclosed by the Supreme Court's recent decision in *United States v. Rahimi*.

8

*See* 144 S. Ct. 1889, 1901-02 (2024) (determining that when an individual has been found by a court to pose a credible threat to the physical safety of another, the individual may be temporarily disarmed pursuant to 18 U.S.C. § 922(g), consistent with the Second Amendment); *see also Bianchi v. Brown*, 2024 WL 3666180, at *8 (4th Cir. Aug. 6, 2024) (citing *Rahimi*, 144 S. Ct. at 1896-97) ("While these individuals maintain a right to self-reservation, society has concluded that the danger that they will misuse their armament-amplified power is too great to permit possession."). Mr. Hasson's as-applied challenge Section 922(g)(3) also fails for the reasons that follow.

To analyze Mr. Hasson's Second Amendment as-applied challenge to Section 922(g)(3), the Court first considers whether the plain text of Second Amendment covers him. *N.Y. State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1, 24 (2022). If so, the Constitution presumptively protects his conduct. *Id*.

The Court next considers whether there are historical traditions to regulate the conduct at issue here-possession of firearms while "being an unlawful user and addict of a controlled substance." *Id*. In this regard, the Supreme Court has held that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." *Rahimi*, 144 S. Ct. at 1898.

In *Rahimi*, the Court rejected an as-applied Second Amendment challenge to Section 922(g)(8), which prohibits possession of a firearm by individuals subject to a domestic violence restraining order. *Id*. at 1902-03. The Court concluded that because the defendant had been found by a court to pose a credible threat to the physical safety of others and the Government offered evidence to show that the Second Amendment permits such individuals to be disarmed, Section 922(g)(8) was not unconstitutional as applied to him. *Id*. at 1895-96, 1902-03. Relatedly, this Court has also held that Section 922(g)(3) is constitutional in the wake of *Bruen*. *See United States v. Costianes*, 673 F. Supp. 3d 756, 763 (D. Md. 2023).

In this case, the Government persuasively argues that Section 922(g)(3) is constitutional as applied to Mr. Hasson. For the purposes of resolving Mr. Hasson's motion to vacate his sentence, the Court accepts that the plain text of Second Amendment covers him (a person who possesses a firearm while being an unlawful user and addict of a controlled substance) and presumably protects his right to possess a firearm. *Bruen*, 597 U.S. at 24.

But, the Government persuasively argues that this Nation has historically enacted laws to prohibit such individuals from carrying a firearm. ECF No. 153 at 17. For example, as early as 1655, the Commonwealth of Virginia prohibited "shoot[ing] any gunns at drinkeing." Act XII of March 10, 1655, 1655 Va. Laws 401, 401–02; *see also* Kansas Gen. Stat., Crimes & Punishments § 282 (1868) (providing that "any person under the influence of intoxicating drink" may not "carr[y] on his person a pistol . . . or other dangerous weapon"); 1878 Miss. Laws 175–76 § 2 (making it unlawful to sell pistols and certain knives to a "person intoxicated"); 1883 Mo. Laws 76, § 1 (prohibiting carrying a dangerous weapon "when intoxicated"); 1883 Wis. Sess. Laws 290, Offenses Against Lives and Persons of Individuals, ch. 329 § 3 ("It shall be unlawful for any person in a state of intoxication, to go armed with any pistol or revolver."); 1890 Okla. Sess. Laws 495, art. 47, § 4 (forbidding officers from "carrying … arms while under the influence of intoxicating drinks"); 1899 S.C. Acts 97, No. 67, § 1 (forbidding "boisterous conduct" while "under the influence of intoxicating liquors," including "discharg[ing] any gun" near a public road); *see also* ECF No. 153 at 17-18. The Supreme Court has also made clear that, when an individual has been found by a court to pose a credible threat to the physical safety of another, that individual may be temporarily disarmed consistent with the Second Amendment. *Rahimi*, 144 S. Ct. at 1901-03.

Mr. Hasson's conduct in this case—possession of a firearm while being an unlawful user of, and addicted to, a controlled substance—creates the kind of danger to public safety that the Nation has historically sought to mitigate through the enactment of laws prohibiting carrying a dangerous weapon when intoxicated. As the Government observes in its response in opposition to Mr. Hasson's motion to vacate, Congress enacted Section 922(g)(3) to protect the public by keeping firearms out of the hands of presumptively dangerous persons, including persons with impaired judgment. ECF No. 153 at 18; *see also* S. Rep. No. 90-1501 at 22 (1968).

Given this, the evidence in this case makes clear that Section 922(g)(3) is constitutional as applied to Mr. Hasson, because he posed a danger to the public by possessing firearms while being an unlawful user of, and addicted to, a controlled substance. And so, Mr. Hasson's as-applied Second Amendment challenge to his Section 922(g)(3) conviction and sentence must fail.[3]

---

[3] Even if the Court were to accept that Mr. Hasson has shown prejudice to excuse his procedural default, such "that [the claimed error] worked to his actual and substantial disadvantage, infecting his entire trial

### C. The Court Will Issue A Certificate Of Appealability

As a final matter, the Court will grant Mr. Hasson's request for a certificate of appealability in this matter. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under [S]ection 2255." 28 U.S.C. § 2253(c)(1)(B). And so, Fed. R. Civ. P. 22(b)(1) requires that a party seeking to acquire a certificate of appealability make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Goods v. United States*, 2017 WL 11458475, at *1 (D. Md. May 22, 2017) (citing 28 U.S.C. § 2253(c)(2) (holding that "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right'").

In this regard, "a petitioner must 'sho[w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability does not, however, require "a showing that the appeal will succeed" and may be issued even when "there is no certainty of ultimate relief." *Id.* at 337.

Mr. Hasson persuasively argues that the law regarding Second Amendment challenges to Section 922(g) offenses continues to evolve. ECF No. 157 at 22-23. Given this, it is possible that the resolution of his Second Amendment claims would be "debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336. And so, the Court will issue a certificate of appealability.

### V. CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** Mr. Hasson's motion to vacate; and

(2) **GRANTS** Mr. Hasson's request for a certificate waiver of appealability.

---

with error of constitutional dimensions," Mr. Hasson's Second Amendment challenge to the constitutionality of Section 922(g)(3) would still fail substantively for the reasons stated above.

The Clerk of the Court shall **ISSUE** a certificate of appealability to Mr. Hasson.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
